ETHEL C. WELD *vs.* NATHAN D. A. CLARKE.

Middlesex. March 9, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Res Judicata. Judgment. Parties and Privies. Proceedings to compel Action to try Adverse Claim to Land.*

A person, who was not a party to a suit in equity, can be found to have been a privy, so as to be bound by the decree, if he was beneficially interested in the subject matter of the suit and caused it to be brought in part for his benefit, directing and controlling its prosecution and bearing the expense.

At the trial of a writ of entry to recover the possession of certain land, it appeared

that the title of the demandant's grantor, which depended upon the validity of a tax deed, had been established by a decree in a suit in equity brought against such grantor by the holder of a mortgage on the land. The tenant contended that he was not bound by the decree because he was not a party to the suit in equity. It appeared that when the suit in equity was brought the tenant had a beneficial interest in the equity of redemption of the land and caused that suit to be instituted in the name of the holder of the mortgage for the joint benefit of such holder and himself, that he acted as counsel for the plaintiff, paid the costs and gave his professional services, retaining his beneficial interest in the equity of redemption although not a party to the suit. *Held,* that the tenant was bound by the decree and was precluded from contesting the validity of the tax deed, so that the demandant was entitled to judgment.

Upon a petition under R. L. c. 182, §§ 1–5, by a person in possession of land claiming an estate of freehold therein, to compel actual or possible adverse claimants to bring actions to try their claims, the question of the title to the land cannot be adjudicated, and a disclaimer by a respondent under § 3 does not operate to convey any new title to the petitioner, or to preclude one holding under a deed from the disclaiming respondent, which was unrecorded at the time of the disclaimer, from afterwards asserting his title.

WRIT OF ENTRY to recover possession of a certain parcel of land in Medford, which was the subject of the two suits in equity, decisions in which are reported in *Roberts* v. *Welsh,* 192 Mass. 278. Writ in the Land Court dated January 8, 1909.

In the Land Court the case was tried before *Clark,* J. The judge filed a memorandum of decision in which he found the facts which are stated in substance in the opinion. It was agreed by the parties that the findings of the judge were warranted by the evidence. The judgment in the proceeding of Holt *v.* Welsh, referred to in the decision of the judge and in the opinion of this court, was "Judgment for respondent with costs on his disclaimer." The judge ruled that the demandant in the present action was not bound by the disclaimer of Welsh. To this ruling the tenant excepted.

At the close of the evidence the tenant asked the judge to make the following rulings:

"1. There is no evidence in this case sufficient to warrant the court in finding that the tenant was either a party or privy to the cases of *Roberts* v. *Welsh,* 192 Mass. 278, or to the judgments or decrees therein rendered.

"2. There is no evidence in this case sufficient to warrant the court in finding that the tenant at any time had any right, title or interest in the mortgage held by the plaintiff in said cases of *Roberts* v. *Welsh.* [This ruling was made by the judge.]

"3. The demandant is bound by the disclaimer filed in the case of Holt *v.* Welsh, being No. 233 on the docket of the Land Court, and said disclaimer defeats the demandant's title.

"4. The demandant is bound by the judgment rendered in said case of Holt *v.* Welsh, and said judgment defeats the demandant's title.

"5. There is no sufficient evidence in this case to warrant the court in finding for the demandant.

"6. Upon all the evidence in this case the court should find for the tenant.

"7. The tenant is not bound by the judgments or decrees rendered in said cases of *Roberts* v. *Welsh.*"

The judge made the second ruling requested and refused to make any of the others. He ruled that the decision in the two cases of *Roberts* v. *Welsh*, which determined that the two tax deeds there in question were valid, was conclusive upon the tenant and that he could not now set up any title as against those claiming under Welsh. The judge found for the demandant; and the tenant alleged exceptions.

The case was submitted on briefs.

*J. C. Batchelder*, for the tenant.

*J. Bennett*, for the demandant.

BRALEY, J. The tenant, when the owner, conveyed the demanded premises in fee for the purpose of having the grantee mortgage the land, and, after this had been effected, received back a conveyance of the equity of redemption. The taxes having fallen into arrears for two consecutive years, the collector made separate sales of the estate, which was purchased by one Welsh, who received and recorded the deeds. The mortgage having been assigned to one Roberts, he brought bills in equity to have the sales declared invalid for errors and informalities in the assessments and the collector's deeds. But, the sales being held valid, the bills were dismissed, and Welsh then deeded the land to the demandant, whose title, having been put in issue by the tenant's plea, depended upon the validity of the tax deeds. *Roberts* v. *Welsh*, 192 Mass. 278. *Green* v. *Kemp*, 13 Mass. 515.

It early was decided, that a tax deed with its recitals of itself affords no presumption of regularity, and the burden rested on

the demandant to show affirmatively by extrinsic evidence that the requirements of the statute had been followed. *Alvord* v. *Collin*, 20 Pick. 418, 421. *Harrington* v. *Worcester*, 6 Allen, 576. *Burke* v. *Burke*, 170 Mass. 499. See St. 1911, c. 370. But no proof was offered, as the judge ruled that the tenant was estopped by the decrees. It is insufficient to create an estoppel, that, if the plaintiff obtained relief, it must have enured to the tenant's benefit, or that in the present action the parties are interested in proving or disproving the same facts as were there involved. *Sturbridge* v. *Franklin*, 160 Mass. 149, 151. If the tenant, however, to establish or protect his own title, caused the suits in equity to be instituted in the name of Roberts, for their joint benefit, and directed and controlled the prosecution, he was the real party in interest, even if a stranger to the litigation upon the face of the record. *Valentine* v. *Farnsworth*, 21 Pick. 176. *Elliott* v. *Hayden*, 104 Mass. 180, 182. *Brigham* v. *Fayerweather*, 140 Mass. 411, 416. The judge found, that the tenant acted as counsel for the plaintiff, paid the costs, and gave his professional services, while retaining his beneficial interest in the equity of redemption, even if the legal title was in numerous persons to whom at various times he caused it to be conveyed. The judge also was satisfied, that the tenant's title would be affected by the result. It is certain that, if the tax titles were set aside, although the mortgage still would be an outstanding incumbrance, the equity of redemption also would be preserved. The tenant under these findings is shown to have been substantially interested in the subject matter of these suits, with full opportunity to control the proceedings, to examine witnesses, and to take and prosecute an appeal from the decrees of the trial court to this court. While not having been joined as a party to the proceedings, yet he acted in conjunction with Roberts or as the real party in interest and as manager of the suits. The tenant therefore, having been bound by the decrees, is estopped from contesting the validity of the tax deeds. *Elliott* v. *Hayden*, 104 Mass. 180. *Nash* v. *D'Arcy*, 183 Mass. 30. *Cecil* v. *Cecil*, 19 Md. 72. *Peterson* v. *Lothrop*, 34 Penn. St. 223. *American Bell Telephone Co.* v. *National Improved Telephone Co.* 27 Fed. Rep. 663.

It appeared in the itinerary of the equity of redemption, that

one Holt while the owner brought a petition under R. L. c. 182, §§ 1–5, against Welsh to require him to try his title, and caused notice of the pendency of the petition to be entered in the registry of deeds. But Welsh, having previously conveyed to the demandant, who did not record the deed until after the notice had been filed, appeared and disclaimed the alleged ownership. It is contended by the tenant, that the judgment on the disclaimer in favor of Holt vested the absolute title to the land in him, or in other words, that Holt by the disclaimer became an innocent purchaser for value without notice of the prior conveyance. The tenant misconceives the purpose of the statute. It was not intended as a substitute for the remedies which may be used for the recovery of land. In *Orthodox Congregational Society* v. *Greenwich*, 145 Mass. 112, 113, it was said by Chief Justice Morton of the Pub. Sts. c. 176, where a similar provision is found, " The object of the proceedings is not to try the title to the real property; the court cannot make any decree, unless the respondent makes default, which will operate as a conclusive adjudication of the title of either party." The disclaimer is to be treated as a pleading which did not operate to convey any new source of title to the petitioner, or estop the demandant from claiming that the tax title was paramount to the tenant's estate.

The third and fourth requests were properly refused, and the first, fifth, sixth and seventh were rendered inapplicable by the findings of the judge.

*Exceptions overruled.*