ROBERT M. TUCKER *vs.* JOHN F. RYAN.

Suffolk.    May 12, 1937. — September 17, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Due care of child, Due care of person in charge of child, Imputed. *Parent and Child.*

A child two and one half years of age was too young to exercise care for his own safety while riding in an automobile.

Negligence of a mother in driving an automobile was imputed to her son, two and one half years of age, who was sitting in the lap of a guest beside her if it did not appear that the mother had relinquished his custody to the guest, and therefore an action by the son against the negligent driver of another motor vehicle for injuries resulting from such concurrent negligence was barred.

TORT. Writ in the Superior Court dated March 15, 1932. The action was tried before *F. T. Hammond*, J. There

was a verdict for the defendant. The plaintiff alleged exceptions.

The case was argued at the bar in May, 1937, before *Rugg*, C.J., *Crosby, Pierce, Donahue*, & *Qua*, JJ., and afterwards was submitted on briefs to all the Justices.

*A. A. Tucker*, (*H. D. Tucker* with him,) for the plaintiff.
*W. F. Henneberry*, for the defendant.

CROSBY, J. This is an action of tort brought by the plaintiff, an infant, through his father and next friend, to recover damages for personal injuries sustained in a collision between an automobile truck operated by the defendant and an automobile operated by the plaintiff's mother. At the time of the accident the plaintiff was two and one half years of age. The evidence showed that Mrs. Spector, a guest, was riding with the plaintiff's mother in the front seat of the automobile, and was holding the plaintiff in her lap. The case was tried with two other actions for personal injuries arising out of the same collision, one brought by the plaintiff's mother and the other by Mrs. Spector. The trial judge submitted the question of negligence of both the defendant and the plaintiff's mother to the jury. The judge instructed the jury in part as follows: "If you should find that the accident was due partly to the negligence of the truck driver and partly to the negligence of the driver of the Buick, then you would find for the defendant in the two cases of Mrs. Tucker and of Robert M. Tucker, the boy, because in those cases the operator cannot recover for an accident in which they are partly to blame themselves, and while the boy had nothing to do with the driving of the car, if the mother was negligent then her negligence would be imputed to the boy, and would have the same effect as if he were chargeable with what is called contributory negligence." To this portion of the charge the plaintiff excepted. The jury found that both the defendant and the mother of the plaintiff failed to exercise due care, and returned a verdict for the defendant. In the action brought by Mrs. Spector against the defendant the verdict was for the plaintiff.

Manifestly the plaintiff was too young to exercise care

for his own safety. *Coldiron* v. *Worcester Consolidated Street Railway,* 253 Mass. 462. *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 193. In these circumstances, whatever may be the law elsewhere, it is well settled in this Commonwealth that the care or negligence of the child's custodian will be imputed to the child. *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472. *Sullivan* v. *Chadwick,* 236 Mass. 130, 134. *Gallagher* v. *Johnson,* 237 Mass. 455, 457. *Daignault* v. *Berkshire Street Railway,* 277 Mass. 227, 230, and cases cited. *McKenna* v. *Andreassi,* 292 Mass. 213, 219. See *Capano* v. *Melchionno,* 297 Mass. 1. The jury found that the mother of the plaintiff was negligent, and if her want of due care is to be imputed to the plaintiff, there can be no recovery.

It is contended by the plaintiff, however, that he was in the custody of Mrs. Spector, and that the negligence of his mother is immaterial if Mrs. Spector exercised due care. There is nothing in the record to indicate that this theory of the case was brought to the attention of the judge at the trial. The plaintiff excepted to the instruction that the negligence of his mother would be imputed to him, without specifying any grounds for his exception. If he were proceeding on the theory that he was in the custody of Mrs. Spector, he should have made known his position to the trial judge. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110. *Sylvia* v. *New York, New Haven & Hartford Railroad,* 296 Mass. 157, 164, and cases cited. No request was made that the case be submitted to the jury on this theory. For all that appears, the present objection to the charge may be an afterthought conceived subsequently to the rendition of the verdict in favor of Mrs. Spector. If it be assumed that the question has been properly raised, the contention that the plaintiff was in the custody of Mrs. Spector rather than in the custody of his mother is without merit. There was no evidence that the mother relinquished custody of the plaintiff; and the fact that he was sitting in the lap of Mrs. Spector would not in itself indicate such relinquishment, although on somewhat similar facts, it has

been held that a child was in the custody of a person who was holding him. *Hennessey* v. *Brooklyn City Railroad,* 6 App. Div. (N. Y.) 206. *Lewin* v. *Lehigh Valley Railroad,* 52 App. Div. (N. Y.) 69. *Ouderkirk* v. *Boston & Maine Railroad,* 233 App. Div. (N. Y.) 508. But an opposite conclusion was reached in *Delaware, Lackawanna & Western Railroad* v. *Devore,* 114 Fed. 155, 160, and *County Commissioners* v. *Beulah,* 153 Md. 221, 225, 226. We are of opinion that at the time of the collision the plaintiff was in the custody of his mother.

The instructions of the trial judge to the jury, in the opinion of a majority of the court, were correct. The entry must be

*Exceptions overruled.*