Joseph P. HADDAD, Administrator,
Plaintiff, Appellant,

v.

BORDER EXPRESS, INC., Defendant,
Appellee.

No. 5909.

United States Court of Appeals
First Circuit.

March 27, 1962.

Joseph J. Hurley, Boston, Mass., with whom George M. Tull, Quincy, Mass., was on brief, for appellant.

George P. Lordan, Cambridge, Mass., for appellee.

Before HARTIGAN and ALDRICH, Circuit Judges, and CAFFREY, District Judge.

ALDRICH, Circuit Judge.

These were originally two diversity actions tried together by two plaintiffs against the same defendant. It appeared that the female plaintiff was driving an automobile which collided with the defendant's truck. Shortly after the accident a child was born to her,

which died the following day. The first suit was by the mother for personal injuries to herself. The second was brought by the father as administrator of the infant. The jury found for the defendant in both actions. From the first there was no appeal. The administrator appeals, alleging error with respect to the medical testimony in his case. If there was error, it went to liability for the death, and not simply to damages. Nonetheless, we do not reach the question because the administrator is not entitled to a new trial in any event.

■■ In the mother's case the issues as to liability were the defendant's negligence and the mother's contributory negligence. The jury's verdict necessarily meant either that the defendant was not negligent, or that the mother was. The administrator having participated in the trial and litigated the same issues, these findings are res judicata against him to the extent that they are applicable. They are fully applicable. If the verdict against the mother was based on lack of negligence by the defendant, this is obvious. So is the other possible alternative. The contributory negligence of the mother is attributable to the infant. Tucker v. Ryan, 1937, 298 Mass. 282, 10 N.E.2d 73; Ferris v. Turner, 1947, 320 Mass. 555, 70 N.E.2d 715.[1] Having been once decided, the question is not to be tried again. Browne v. Moran, 1938, 300 Mass. 107, 14 N.E.2d 119; Wishnewsky v. Town of Saugus, 1950, 325 Mass. 191, 89 N.E.2d 783; cf. Thibeault v. Poole, 1933, 283 Mass. 480, 186 N.E. 632. Thibeault is of especial interest because the court took pains to point out that a judgment on the issue of the wife's contributory negligence in her action was not res judi-

cata with respect to that issue in the separate suit by the husband solely because the burden of proof as to such negligence was not the same in the two actions. In the present cases there was no difference favorable to the infant.

We may concede that Thibeault stands for the proposition that there is no privity here which would warrant collateral estoppel. Cf. Silva v. Brown, 1946, 319 Mass. 466, 66 N.E.2d 349; Eisel v. Columbia Packing Co., D.C.D.Mass., 1960, 181 F.Supp. 298. Plaintiff is bound, however, not by privity, but by participation. Cf. Weld v. Clarke, 1911, 209 Mass. 9, 95 N.E. 651.[2]

Judgment will be entered affirming the judgment of the District Court.

---

1. It is true that this imputation is only with respect to claims for death and not for conscious suffering. Mass.G.L. c. 231, § 85D(1–3). However, the court ruled without objection and, we think, correctly, that there was no evidence warranting a finding of conscious suffering by the infant.

2. The only possible escape from this would be to say that the jury could return in-

consistent verdicts in civil cases tried together. While we may never have had occasion to proscribe such inconsistency, we would certainly not affirmatively embrace it. Cf. W. H. Elliott & Sons Co. v. E. & F. King & Co., 1 Cir., 1961, 291 F.2d 79, 84; Parker v. Gordon, 1 Cir., 1949, 178 F.2d 888, 895.