214 So.2d 846

Owen M. SMITH

v.

Drue Edward JOHNSON et al.

7 Div. 793.

Supreme Court of Alabama.

Oct. 17, 1968.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Dortch, Allen, Wright & Wright, Gadsden, for appellees.

Walter I. Barnes, Gadsden, and T. J. Carnes, Albertville, for appellant.

**PER CURIAM.**

Appellant filed suit in the circuit court of Etowah County to recover damages which he alleges proximately resulted from a collision between his automobile, driven at the time by his wife, Opal Jolley Smith, and a truck driven by defendant Johnson, who, according to the allegations, was an agent or servant of defendant Cloud. The complaint, containing only one count, charged the defendants with negligence. The jury returned a verdict for the defendants. Plaintiff appeals.

Appellant complains by assignments of error Nos. 1 and 2 about certain statements in the oral charge of the trial court.

We have examined the record of the oral charge and find that appellant did not sufficiently reserve an exception to the

**154**

part of the oral charge alluded to in assignment No. 1. The oral charge, although made a part of the record by statute, will not be reviewed here unless adequate exception is reserved. The exception being inadequate, nothing is here presented for review. Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889(9). An exception designating only the subject treated by the court in an oral charge, or merely designating the beginning of part of the oral charge excepted to, is insufficient. Knowles v. Blue, 209 Ala. 27, 95 So. 481.

■ In Bean v. Stephens, 208 Ala. 197, 94 So. 173(3), the rule is thus stated:

"If exception is desired to be reserved to a part of the oral charge of the court to the jury, it must be taken and reserved to the particular language the exceptor conceives to be erroneous. (Cases cited)."

■ It was also stated in Pollard v. Rogers, 234 Ala. 92, 173 So. 881(6, 7), as follows:

"* * * The proper way to reserve an exception to a part of the court's oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. (Cases cited)."

Appellant, in the instant case, in excepting, merely referred to the beginning and ending of what the court said. This manner of excepting does not meet the requirements of law. See, 2 Ala.Dig., Appeal & Error, ☞273(6), p. 631.

The basis of appellant's assignment of error No. 2 is the court's oral charge to the jury as follows:

"And the driver of any motor truck, when traveling upon a highway outside of a business or residential district, shall not follow another truck within 100 feet, but this shall not be construed to prevent one motor vehicle or any motor vehicle from passing another."

We presume the trial court was alluding to Title 36, § 15(b), Code 1940, which provides that "the driver of any motor truck when traveling upon a highway outside of a business or residence district shall not follow another motor truck within one hundred feet, but this shall not be construed to prevent one motor truck overtaking and passing another. * * *"

(This section of the Code was later amended to read "within three hundred feet," but this amendment does not apply in the instant case which was tried on March 2, 1967, whereas the amendment was approved on September 7, 1967.)

■ This instruction was irrelevant to the issues in the instant case. Defendants' truck was following plaintiff's automobile, which, in turn, was following another truck. The latter, or front truck, was not involved in the collision, nor was the owner or driver of the front truck made a party to this suit. The car and the last truck collided. The charge was misleading. It was harmless error. Rule 45, Revised Rules of the Supreme Court, 279 Ala. XXI, XLI.

We pause here to say that defendants, with the consent of the plaintiff and with the permission of the court, filed a plea as follows:

"Comes the defendant and for answer to the complaint in this cause, and to each and every count thereof, separately and severally, pleads in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of this action, to have effect as if pleaded; and with leave to the Plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such

defensive matter, to have effect as if so pleaded."

This plea embraced a plea of contributory negligence on the part of plaintiff, which, if sustained by the evidence and believed by the jury, would be a complete defense to the suit.

Appellant asserts in assignment of error No. 3, that the trial court erred in giving, at the instance of defendants, a written charge, as follows:

"I charge you, gentlemen of the jury, that the plea of the general issue interposed by each of the defendants raises the defense that Opal Jolley Smith's own negligence was the sole proximate cause of the damages of which plaintiff complains in this case, and the burden is on the plaintiff to reasonably satisfy you by the evidence that the negligence of Opal Jolley Smith, if any, was not the sole proximate cause of the damages claimed in this case."

█ It seems to us that the intended effect of this charge, while misleading and confusing in its phraseology, was to instruct the jury that under the plea of the general issue, the burden was on the plaintiff to prove the allegation of the complaint that defendants were guilty of negligence. The charge should not have been given because of its misleading and confusing tendency. It was subject, however, to an explanatory charge of plaintiff. We will not predicate error to reverse on giving this charge.

Appellant here contends in assignment of error No. 5, that the trial court erred to reverse in giving charge C, which we quote as follows:

"I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that Opal Jolley Smith was guilty of negligence in the least degree which proximately contrib-

uted to the damages of which Owen M. Smith complains, then plaintiff cannot recover in this case."

█ We advert to Bradley v. Ashworth, 211 Ala. 395, 100 So. 663, where it was held that when the relation of bailor and bailee exists between husband and wife in the use of the husband's automobile, and there is no relation of servant and agent between the two, the husband-bailor "was entitled to maintain his action for any negligent injury done by defendant, a third person, to the subject of the bailment; but he was not liable to defendant for his bailee's negligence, the subject of bailment not being under the control of his own servant, agent or employe. Defendant's recourse, if any under the facts, for the bailee's negligence was against the bailee."

In the instant case if the husband was bailor and his wife was bailee, plaintiff is not answerable for the negligence of his wife in the operation of the automobile; the plea of contributory negligence is not sustained.

█ We take cognizance of cases cited by appellee wherein, in Schoenith, Inc. v. Forrester, 260 Ala. 271, 69 So.2d 454(3), we said:

"It is well established by our decisions that when a plaintiff in a damage suit for the negligent operation of an automobile proves that the car causing the damage was owned by the defendant, the law raises the presumption that the person who was operating the automobile at the time of the collision was operating it as the owner's agent and was acting within the line and scope of his authority. (Cases cited.)"

█ We also observed in Brown v. Southeastern Greyhound Lines, 255 Ala. 308, 51 So.2d 524(1), as follows:

"Proof of the ownership of the car by intestate raised a presumption that Miss

Cantrell was operating it as the owner's agent and was acting within the line and scope of her authority. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617, and cases cited. This presumption is, of course, rebuttable. It is a procedural expedient and takes the place of evidence respecting matter peculiarly known to the owner. The presumption is not evidence and in practice and effect merely imposes upon the owner the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. When ownership of the car is shown, no proof need be made that the operator of the car was the agent of the owner and was acting within the line and scope of his employment, until and unless the owner has offered proof that the driver was not acting for the owner in the line and scope of his authority. (Cases cited.)"

We also observe that in Craft v. Koonce, 237 Ala. 552, 187 So. 730(2–5), this court said as follows:

" * * * When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury."

See also, Slaughter v. Murphy, 239 Ala. 260, 194 So. 649(3).

We think the foregoing pronouncements in the cases of Schoenith, Inc. v. Forrester, Brown v. Southeastern Greyhound Lines, and Craft v. Koonce, all supra, have application to the instant case wherein the defendants assert that the negligence of Mrs. Smith, if any, in the operation of plaintiff's car was chargeable to the plaintiff and is available to them as a defense pursuant to their plea of contributory negligence which is embraced in the plea in short aforequoted.

Mrs. Opal Jolley Smith, wife of plaintiff and operator of plaintiff's automobile at the time of the collision, testified that on July 20, 1964, the date of the collision, she was driving her husband's car from her home in Gadsden to visit her relatives in Fort Payne, Alabama

This evidence was neither contradicted, either expressly or inferentially, nor was there any attack on its credibility. There was no evidence that reflected on its credibility.

This evidence of Mrs. Smith served to overturn the presumption, arising from plaintiff's ownership of the involved automobile, that the witness at the time of the collision was acting as agent or servant of her husband.

Such presumption having been overturned, we hold that the trial court committed prejudicial error and to the injury of plaintiff in giving written charge C, supra, at the request of defendants.

It is ordered that the judgment for defendants be and the same is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.