330 So.2d 434
**Judith Church TEAGUE**

v.

**Willard E. MOTES and United States Fidelity & Guaranty Co.**

**Civ. 682.**

Court of Civil Appeals of Alabama.

April 7, 1976.

Baker, Lester & Wilkes, Opelika, for appellant.

Walker, Hill, Gullage, Adams & Umbach, Opelika, for appellees.

**WRIGHT, Presiding Judge.**

Suit was first brought by Ralph Teague, Jr. against Mark Motes for property damage arising from an automobile accident. Plaintiff's wife, Judith Teague, was the driver of his automobile. A second suit was subsequently brought by Willard Motes and his subrogee insurance company against Judith Teague for damage to plaintiff's insured automobile. Mark Motes, defendant in the first suit, is the son of plaintiff Motes in the second suit.

By agreement, the two cases were consolidated for trial. Defendant in the first case was represented by the same counsel as plaintiffs in the second. Defendant Mark Motes filed pleas of not guilty and contributory negligence in the first case—Case #653. Defendant Judith Teague filed plea of not guilty in the second case —Case #719.

The accident occurred at an intersection controlled by various traffic lights. The auto driven by Judith Teague was turning left across the lane upon which Mark Motes was traveling when they collided. Each driver insisted the traffic light was favorable in the direction he or she was traveling. There was equal conflict with the testimony of other witnesses.

The trial judge charged the jury on the issues raised by the complaint in each case. He charged on the defense of contributory negligence of the plaintiff in each case. At the conclusion of the charge, plaintiff in Case #719 objected to the inclusion in the oral charge of the defense of contributory negligence of the plaintiff's son. No such defense had been filed. Plaintiff submitted that the charge was improper because the administrative presumption of agency arising from ownership was rebut-

ted by unchallenged testimony that the driver was not upon any business of the owner at the time of the accident. Upon plaintiff's objection to the charge, defendant requested permission to amend her pleading to include the defense of contributory negligence. Amendment was permitted. Plaintiff's motion to strike the amendment was overruled and the cases were submitted to the jury.

The jury returned a verdict in favor of plaintiff in Case #653, awarding damage in the amount of $500.00. The jury returned a verdict in favor of defendant in Case #719. Plaintiffs in Case #719 moved for a new trial, asserting error in the charge as to contributory negligence of the driver, in permitting the amended defense and in overruling the motion to strike the amendment.

After consideration, in a lengthy and well-written judgment, learned trial judge granted plaintiffs' motion for new trial in Case #719. No motion for new trial was made by defendant in Case #653. Defendant Judith Teague appeals from the judgment granting a new trial in Case #719.

Defendant submits three issues on appeal. We will consider them in reverse order.

The third issue is that the trial court was not in error in charging the jury on contributory negligence of plaintiff's driver.

It is the law of this state that proof of ownership of an automobile, though driven by another, raises the administrative presumption of agency between the owner and the driver. *Smith v. Johnson,* 283 Ala. 151, 214 So.2d 846. *Craft v. Koonce,* 237 Ala. 552, 187 So. 730. When such proof is made, the burden falls upon the party who would disclaim agency to offer proof in rebuttal that no agency existed. If such proof is presented and is not contradicted, the presumption of agen-

cy is removed. *Brown v. Southeastern Greyhound Lines*, 255 Ala. 308, 51 So.2d 524.

In Case #719, plaintiff by bringing suit for damages to his automobile concedes ownership. Proof that it was being driven by his son when damaged established the presumption of agency between owner and driver. *Smith v. Johnson, Supra.* In order to remove the effect of such presumption, though established largely by his own action and evidence, plaintiff needed to present testimony that his son was not his agent acting within the scope of his authority at the time and place of the accident. Plaintiff did present evidence that his son was a student at Auburn University while plaintiff was at home in Sylacauga; that the son was traveling from class to his place of residence in or near Auburn when the accident occurred. Defendant presented no contradictory proof. When compared with the proof determined in *Smith v. Johnson, Supra,* to be sufficient to rebut the presumption, it is evident that the presumption of agency established by mere ownership was overcome by plaintiff in this case. Defendant, to claim a defense of contributory negligence against plaintiff, had to offer some proof to contradict the evidence of plaintiff that no agency existed between him and his son. Having failed to do so and present a question for the jury he was not entitled to claim contributory negligence of the driver against plaintiff's suit. The court erred in permitting such defense and charging the jury thereon. However, for reasons stated hereafter, such error was not such as to require the granting of a new trial.

Defendant's first and second issues are interrelated. The second issue is that because of the verdict reached by the jury in Case #653, the primary issue in Case #719 became res judicata. Therefore, the erroneous charge by the court on contributory negligence was not injurious to plaintiffs and a new trial should not have been granted because of it.

Let us examine these issues in light of the situation presented by consolidation of cases for trial. Rule 42(a) ARCP provides for consolidation of actions involving a common question of law or fact. The actions in this case were not consolidated for trial by order of the court, but by agreement and request of the parties. Consolidation of cases does not require mutuality of parties but mutuality, in some degree, of issues and law. The instant case is classic example of proper consolidation. Though the parties are different, the claims for relief arise from the same occurrence and involve the same issue, negligence vel non, of the respective drivers of the automobiles.

Had the cases been tried separately, under the Alabama principle of res judicata, a judgment in Case #653 would not have rendered the action in Case #719 res judicata. The Alabama rule of res judicata requires that there be a mutuality of parties and issues. Findings of law or fact in an action do not affect persons who were not parties or privies to the action. *Suggs v. Ala. Power Co.*, 271 Ala. 168, 123 So.2d 4. The principle underlying res judicata or estoppel by judgment is that one cannot be bound by the conclusions in a prior case unless he was a party thereto and had the opportunity to participate therein.

In consolidated cases we perceive a distinct difference. The very purpose of consolidation is to expedite litigation and save money. Though parties in consolidated actions retain their separate identities and the parties and pleadings in one action do not become parties and pleadings in the other, there is a mutuality of issues and law, in some degree, and all parties participate in the trial and determination of the common issues. It was said in *Haddad v. Border Express, Inc.*, 300 F.2d 885 (1st Cir. 1962), that "plaintiff is bound, however, not by privity, but by participation."

In consolidated cases wherein the primary issue is which of two drivers was negligent and the proximate cause of the accident, a finding of fact, on that issue in one case, must be binding upon the parties in the other. Any other conclusion would permit the jury to return inconsistent verdicts in cases tried together.

In this case, by consolidation, the issues of which of the drivers of the two cars was negligent and the proximate cause of the accident were merged. There could not have been verdicts on that issue in favor of each of the plaintiffs—as there might have been in separate trials. The right of recovery by plaintiff-owner against defendant-driver in Case # 653 was dependent upon a finding that defendant was guilty of negligence proximately causing the accident and that plaintiff's driver, Mrs. Teague, was free from negligence contributing thereto. Such finding would prohibit recovery by plaintiffs in Case # 719, for their right of recovery depended upon a finding that the negligence of defendant, Mrs. Teague, was the proximate cause of the accident.

It is our opinion that permitting defendant, Mrs. Teague, to plead the contributory negligence of plaintiff's driver as a defense and the charge by the court to the jury thereon, though erroneous, did not injuriously prejudice plaintiffs. The jury having determined Mrs. Teague to be free from negligence proximately causing, or contributing to the accident by its verdict in Case # 653, there could not have been a verdict in favor of plaintiffs in Case # 719 in any event. The erroneous instruction was rendered harmless by the verdict. *Alabama Farm Bureau Mut. Cas. Ins. Co., Inc. v. Smelley,* 10 A.B.R. 628, 329 So.2d 544; *W. E. Belcher Lumber Co. v. Woodstock Land & Mineral Co.,* 245 Ala. 5, 15 So.2d 625; *Hill v. Wyrosdick,* 216 Ala. 235, 113 So. 49.

To permit plaintiff a new trial in Case # 719 only, would, in truth, be a severance. It would make possible a verdict inconsistent with that already rendered with participation of plaintiff upon the issue of whose negligence proximately caused the accident.

It is clear from the lengthy and explicit judgment of the learned trial judge, that he granted a new trial to plaintiffs solely because he had erroneously charged the jury and permitted the defense of contributory negligence. This court has the highest respect for the trial judge and for his purpose of correcting the unintentional error committed at trial. However, it is our view that the intricacies of this case bring it within the provisions and the spirit of Rule 61, ARCP and Rule 45, ARAP. The error of the trial court clearly did not affect the substantial rights of plaintiffs and a new trial should not have been granted because of such error. We believe we have manifested by what we have said herein, that the granting of a new trial to plaintiffs could work a substantial injustice to defendant and require relitigation of an issue already determined by a jury in a trial in which plaintiffs participated and by which they are bound.

Though not mentioned on appeal, we point out that the order granting the motion for new trial contains the following:

"After reviewing this case and studying the above authorities and others cited to the Court by the attorneys of record in this case, the Court is of the opinion that the Court committed error in not granting plaintiffs' motion to strike defendant's plea of contributory negligence after the evidence was all in *and in not granting a directed verdict for the plaintiffs:* and that, therefore, the plaintiffs are entitled to a new trial." (Emphasis ours.)

We are at a loss to determine the meaning of the emphasized statement in the above. The evidence of negligence as previously shown herein was greatly in con-

flict. Under no circumstances would plaintiffs have been due a directed verdict.

REVERSED AND REMANDED.

BRADLEY and HOLMES, JJ., concur.