JONES, Justice.
Plaintiff/Appellant Louise Felder brought this negligence suit seeking money damages for injuries she received as a result of an automobile-pedestrian collision involving an automobile owned by Defendant Isaac Hill, and operated by Defendant Leon Chillous.[1] From a final judgment for. Hill, Plaintiff appeals. We affirm.
On May 5, 1980, Louise Felder was standing next to a loading ramp which ran across the front of a store in which she had been shopping. An automobile, owned by Hill and driven by Chillous, struck Plaintiff from behind, mashed her against the ramp and broke both her legs.
On the day of trial, neither Hill, nor any witnesses on his behalf, appeared in court. Felder’s motion for a default judgment was granted. Following testimony as to Felder’s damages, judgment was entered against Hill for $30,000.
On December 30, 1982, a year and a half after default judgment was entered, Hill, by his next friend and daughter, Lula B. Johnson, sought to set aside the default judgment on the basis that Hill was mentally incompetent at the time the default judgment was entered against him. After a hearing, the trial court, finding that Hill was mentally incompetent, and that such incompetency had prevented him from having a fair adversarial hearing, set aside the default judgment.
Upon the subsequent trial on the merits, at the close of all the evidence, the court granted Hill’s motion for directed verdict. Felder claims on appeal that the trial judge abused his discretion in setting aside the default judgment, and that the granting of Hill’s motion for directed verdict was reversible error.
In his Rule 60(b)(6), A.R.Civ.P., motion to set aside the default judgment, Hill stated, among others, the following grounds:
. “1. That at all times during the proceedings held in this cause, including the trial at which default judgment was entered, defendant Isaac Hill was blind, disabled and mentally incompetent.
*180 “2. That defendant’s attorney, Tyrone Means, was unaware of the defendant’s mental incompetency.
“3. That the record reveals that the court and all other parties to this case were unaware of the defendant’s mental incompetency at the time the judgment was entered.
“4. That as a direct result of his mental incompetency, defendant was denied a fair adversary hearing before a court aware of his incapacities.
“5. That the defendant has a meritorious defense to the claims of the plaintiff that he could have presented had his mental incompetency been known to his attorney and the court.”
At the time the default judgment was entered, Hill was 89 years old and blind, and had been diagnosed by the Veterans’ Administration as suffering from “Chronic Brain Syndrome — cerebral arteriosclerosis” since 1962. As the VA Rating Decision of November 9, 1962, attests:
“His [Hill’s] major disability ... arises out of his cerebral arteriosclerosis. The examiner stated that he was barely ambulatory with assistance by two people, that he appeared confused and did not answer to his name when called and did not seem to hear or understand what was said. .The examiner was of the opinion that he could not care for himself, since he required assistance in bathing, showering, and caring for his personal needs. History indicated that this veteran did not handle money and the examiner considered him incompetent. The evidence shows that this veteran has a mental disability of such severity that he requires regular aid and assistance to protect him from the hazards or dangers incident to his daily environment.

“Incompetent from 8/22/62.”
Similarly, the neuropsychiatric report dated October 11, 1961, reads:
“He [Hill] has little to say and apparently does not hear or understand much of what is said to him. He is barely ambulatory. Does not communicate, and no information is obtainable .... [He] does not act right and does not talk sense. Cannot handle money.
“DIAGNOSIS_ Incompetent. In need of constant supervision (aid and attendance).”
Consequently, on November 9, 1962, Hill was awarded a 100% mental disability by the VA due to “Chronic Brain Syndrome associated with cerebral arteriosclerosis,” which is reviewed annually. Hill’s wife was appointed as his legal custodian by the VA on November 13, 1962.
Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720 (1944), sustained the trial court’s decree setting aside a default judgment on the basis of evidence showing that the defendant had been under the care of the Veterans’ Administration as a non compos mentis at the time of the proceeding involved. The fact of the defendant’s insanity was not disclosed by the record, nor was there anything to show that the insanity was either known to the court or called to its attention. Nevertheless, the Court reasoned, if the incapacity of the defendant prevented a fair adversary hearing, and the defendant had a meritorious defense, the default judgment should be set aside.
In addition to the evidence from the VA concerning Hill’s incompetency, Hill presented affidavits from his former lawyer and his daughter supporting his motion to set aside the default judgment. The standard of review in the case of an order setting aside a default judgment is that the trial judge has wide discretion, and his judgment will not be disturbed unless he has clearly abused that discretion. Roberts v. Wettlin, 431 So.2d 524 (Ala.1983). We do not find that the trial judge abused his discretion in setting aside the default judgment. To be sure, any holding to the contrary, under the circumstances of this case, would have been subject to revision as an abuse of his discretion.
Appellant’s second claim of error is that the trial court committed reversible error when it granted Defendant’s motion *181 for directed verdict. While Appellant is correct that a legal presumption arose that Chillous was operating the automobile as Hill’s agent (Smith v. Johnson, 283 Ala. 151, 214 So.2d 846 (1968)), Hill rebutted that presumption by introducing evidence that he had loaned the car to someone else. As stated by this Court in Craft v. Koonce, 237 Ala. 552, 187 So. 730 (1930):
“When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption [that the driver was his agent], he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to [a directed verdict]. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant’s agent acting in the line and scope of his authority should be submitted to the jury.” (Emphasis added.) 237 Ala. at 554-55, 187 So. at 731.
Felder argues that the credibility of Hill’s evidence was more than amply reflected upon to warrant submission of the case to the jury. We disagree. The trial judge found that the administrative presumption that Chillous was Hill’s agent was overcome by the showing that Hill did not know Chillous would drive the car.
In fact, the totality of the evidence is insufficient to raise any inference that Chil-lous, who drove the car into Felder, had permission from anyone to operate it. Although the testimony conflicts as to who gave permission to drive the car, the testimony is uncontroverted that one Earl Lewis, and not Leon Chillous, was given permission by either Hill or Hill’s landlady.
We find no error in the trial below; the judgment, therefore, is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.

. The summons and complaint issued for Defendant Leon Chillous were returned "not found.” The record indicates Plaintiff made no further attempt to locate Chillous; thus, he was not a party to the suit nor to this appeal.