CRAWLEY, Judge.
On February 3, 1998, a motor vehicle driven by James Matthew Tyus, Jr., collided with a vehicle driven by Judith Burt Reynolds. Tyus and his brother, Kairaby J. Tyus, sued Reynolds, alleging that she had negligently caused the collision and that the collision had caused injuries to James and property damage to the Tyus vehicle, which was owned by Kairaby. After a bench trial, the court entered a judgment in Reynolds’s favor. The Tyuses appeal.
The Tyuses argue that the trial court should not have allowed Reynolds to amend her answer the day before trial to allege the affirmative defense of contributory negligence. They also argue that the evidence presented at trial does not support the trial court’s judgment, which included a finding that James was “guilty of contributory negligence.” Kairaby argues that the contributory negligence on the part of his brother James should not bar his recovery against Reynolds for property damage to his vehicle.
This case was first tried in the district court with a judgment for the Tyuses. Reynolds appealed that judgment to the circuit court. In the district court, the majority of the testimony concerned whether the Tyus vehicle had its headlights on at the time of the accident and whether the conditions on the night of the accident were such as to require the use of headlights. Although Reynolds’s answer had not stated the affirmative defense of contributory negligence, the Tyuses obviously acquiesced to the interjection of that issue into the district-court trial. The day before the trial in the circuit court, Reynolds’s attorney filed an amended answer stating the contributory-negligence defense. The Tyuses objected to this amendment as being too late, but the trial court allowed it.
The Tyuses argue that the trial court should not have permitted Reynolds to amend her answer to raise the defense of contributory negligence. Rule 15(a) reads, in part:
“Thereafter [i.e., at any point less than 42 days before the first setting of the case for trial], a party may amend a pleading only by leave of court, and *1191 leave shall be given only upon a showing of good cause.”
It was apparent that the case turned on the issue whether the Tyus vehicle should have had its lights on, and indeed that issue had been the focus of the district-court trial. The Tyuses’ attorney failed to state how they would be prejudiced by the amendment stating this defense, after they had met and dealt with that very defense in the district court. See Vernon Carpet Mills, Inc. v. Rossville Spinning Corp., 344 So.2d 1205, 1207 (Ala.1977) (stating that the spirit of the rule favors allowing amendments “so long as the parties are provided with notice of the nature of the pleader’s claim or defense”). Because it is within the trial court’s discretion to allow or disallow amendments, see McElhaney v. McKeehan Hosiery Mills, Inc., 628 So.2d 925, 926 (Ala.Civ.App.1993), we cannot hold the trial court erred in allowing the amendment.
The Tyuses also argue that the evidence does not support a judgment for Reynolds. At trial, Reynolds gave her version of the events surrounding the accident. She testified that she had picked up a pizza at a pizza establishment in Selma and that she had proceeded down the driveway of the establishment to Highland Avenue. She testified that it was raining, that it was around 5:30 p.m., and that she and other drivers out that evening had their headlights on. She stated that she waited for traffic to clear before entering the roadway, but that she had not seen the Tyus vehicle because it did not have its lights on.
James Tyus testified by deposition because he was unavailable for trial. He stated that at the time of the accident it was drizzling and that it had rained on and off all day. He stated that it was not yet dark when the accident happened; he said it happened at approximately 5:15. He also testified that it appeared to him that Reynolds had seen him because she had started to move her vehicle into the roadway but then hesitated before pulling out into his path.
Frank Reynolds, Reynolds’s son, testified that it was dark and raining when his mother called at about 5:15, he said, to tell him about the accident. Doug Stewart, the police officer who responded to the accident, testified that it was dark and raining when he responded and that he was dispatched to the accident at 5:37. Kairaby Tyus testified that he happened upon the accident scene at approximately 6:15, after his brother James had been taken to a hospital. He testified that it was not raining at that time; he described the weather as “misting.”
Alabama law requires that a motorist have his or her lights on:
“a. From a half hour after sunset to a half hour before sunrise.
“b. At any time when the windshield wipers of the vehicle are in use because of rain, sleet, or snow, except when the use is intermittent because of misting rain, sleet, or snow.
“c. At any time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet.”
Ala.Code 1975, § 32-5-240(a)(l). The Tyuses object to the trial court’s apparent finding either that the accident occurred after sunset or while it was raining; either situation would call for the use of headlights. The Tyuses say this apparent finding may have resulted in a further finding that James was guilty of contributory negligence per se. See Fox v. Bartholf, 374 So.2d 294, 295-96 (Ala.1979) (explaining the elements necessary for the violation of a statute to be considered negligence per se: that the statute was enacted to protect *1192 a class of persons that includes the litigant seeking to assert the statute; that the injury was of a type contemplated by the statute; that the party charged with negligence actually violated the statute; and that the statutory violation caused the harm or injury).
In a nonjury trial, the judge serves as the finder of fact, and his judgment based on findings that are in turn based on ore tenus evidence will not be reversed on appeal unless the findings are palpably wrong or manifestly unjust. Joiner v. Holland & Woodard Co., 652 So.2d 261, 262 (Ala.Civ.App.1994); Martin v. Ross, 608 So.2d 899, 402 (Ala.Civ.App.1992). The time of the accident and whether it was raining are issues that, if decided a certain way, may have resulted in a finding of contributory negligence per se. However, we need not determine whether the trial court could have found James to be guilty of contributory negligence per se because, even if the accident had occurred less than 30 minutes after sunset, see § 32-5-240(a)(l)a., or if it had only been “misting rain” and not raining, see § 32-5-240(a)(l)b., the trial court was free to determine that the evidence indicated that the conditions were such that a driver was required to use headlights, see, § 32-5-240(a)(l)c., and that James Tyus was con-tributorily negligent by not having his lights on at the time of the accident. The trial court’s decision appears to be supported by its view of the evidence.
Kairaby also argues that he should not be precluded from recovery because, he says, Reynolds did not prove that he was negligent in allowing his brother to drive his car. Reynolds directs our attention to the administrative presumption that the driver of a vehicle is either the agent or the servant of the owner of the vehicle and is acting within the scope of his authority or employment. See Perdue v. Mitchell, 373 So.2d 650, 653 (Ala.1979); see also Alabama Pattern Jury Instructions: Civil, Instruction 26.13 (2d ed.1993). She argues that the presumption was not rebutted in this case. However, the testimony indicated that James left school, took his mother to an engagement at the United Methodist Children’s Home, and then went to a fast-food restaurant to purchase food. After purchasing food, James drove toward his girlfriend’s home; he saw her heading another direction, so he decided to drive home. He was on his way home when the accident occurred. Similar testimony has been held sufficient to rebut the administrative presumption. See Smith v. Johnson, 283 Ala. 151, 156, 214 So.2d 846, 851 (1968).
In Smith, the wife was involved in an accident while driving her husband’s vehicle. Smith, 283 Ala. at 153, 214 So.2d at 848. Her husband sued the other driver, alleging that other driver had negligently operated his vehicle and had thereby caused the accident. Id. The other driver asserted contributory negligence as a defense. Id. at 154-55, 214 So.2d at 849. The jury was instructed that, if it found the wife contributorily negligent, the husband could not recover damages. Id. at 155, 214 So.2d at 849-50. After recognizing the administrative presumption raised by the husband’s ownership of the vehicle, the court determined that the wife’s testimony that she was driving the vehicle to visit her relatives rebutted the administrative presumption. Id. at 157, 214 So.2d at 851. Thus, the court concluded that the trial court had erred in instructing the jury that the husband could not recover. Id.
Accordingly, in the present case we conclude that the administrative presumption was rebutted by James’s testimony. We therefore conclude that Kairaby cannot be precluded from recovering from Reynolds *1193 on the basis of James’s contributory negligence. However, because Kairaby would be precluded from recovery if the trial court had concluded that Reynolds was not negligent, we reverse that portion of the judgment in Reynolds’s favor against Kair-aby and remand this cause with instructions that the trial court consider whether, based on the evidence of record, Reynolds was negligent and to enter a judgment accordingly.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.