989 So.2d 528 (2007)
M.M. and A.M.
v.
L.L. and J.L.
2060868.
Court of Civil Appeals of Alabama.
November 30, 2007.
Rehearing Denied February 15, 2008.
Jerry Wayne Baker, Jr., Albertville, for appellants.
Leon Garmon, Gadsden, for appellees.
THOMAS, Judge.
M.M. and A.M. ("the maternal grandparents") appeal the denial of their petition for custody of their two granddaughters, M.C. and E.B., who were instead placed in the custody of L.L. and J.L. ("the aunt and uncle"). Although neither set of parties has raised the issue of jurisdiction to this court, we may consider the issue of jurisdiction ex mero motu. See C.L. v. D.H., 916 So.2d 622, 624 (Ala.Civ. App.2005); Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App. 2003); see also Landers v. Landers, 812 So.2d 1212, 1215 (Ala.Civ.App.2001) (a court can raise the issue of subject-matter jurisdiction ex mero motu). Because this appeal was untimely filed, this court lacks jurisdiction; therefore, we dismiss the appeal.
S.M. ("the mother"), who has a severe mental illness, has four children by four different fathers. The present case began when the aunt and uncle filed a complaint in the juvenile court asserting that the mother was unable to care for M.C., that she might harm herself or M.C., and that the aunt and uncle desired to take custody of M.C.; that case was assigned case no. JU-06-541.01. The juvenile court entered an ex parte custody order finding M.C. to be a dependent child and awarding the aunt and uncle custody of M.C. on November 16, 2006. The mother filed an answer to the complaint and a motion to set aside the ex parte custody order. The juvenile court set a hearing on the aunt and uncle's complaint in case no. JU-06-541.01, which it implicitly consolidated for the purposes of the dependency determination with case nos. JU-06-540, JU-06-542, and JU-06-543, which pertained to the mother's other three children. After the hearing, the juvenile court entered a judgment on January 16, 2007, awarding the aunt and uncle custody of both M.C. and E.B. (case no. JU-06-543), awarding custody of the mother's other two children to those children's paternal relatives, and ordering the *529 mother to seek assistance from the Department of Human Resources ("DHR").
On February 1, 2007, the maternal grandparents filed a motion to intervene in case no. JU-06-541.01 and case no. JU-06-543 and a complaint bearing both case numbers alleging that M.C. and E.B. were dependent and seeking custody of both M.C. and E.B. After a hearing on March 14, 2007, the juvenile court entered a judgment on March 26, 2007, allowing the maternal grandparents to intervene in case no. JU-06-541.01 for the purpose of establishing visitation with M.C. but denying their request for custody of M.C. The March 26, 2007, judgment does not address the maternal grandparents' motion to intervene and their request for custody relating to E.B., which apparently remained pending in case no. JU-06-543. The maternal grandparents filed three motions in case no. JU-06-541.01 on April 5, 2007: a motion requesting a specific finding of dependency, a motion for "more increased and specific visitation," and a motion to alter, amend, or vacate the March 26, 2007, judgment. The juvenile court denied those motions on April 6, 2007.
On April 27, 2007, the maternal grandparents inexplicably filed a motion to set a "final hearing" on their custody complaint regarding M.C. in case no. JU-06-541.01. When the juvenile court did not act on that motion, the maternal grandparents sent a letter to the juvenile court requesting that it set a hearing or that it certify the March 26, 2007, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The juvenile court entered an order certifying the March 26, 2007, judgment in case no. JU-06-541.01 as a final judgment on June 8, 2007. The maternal grandparents filed their notice of appeal on June 22, 2007.
The March 26, 2007, judgment denying the maternal grandparents' request for custody of M.C. does not, as far as we can discern, fail to adjudicate any claims regarding M.C. in case no. JU-06-541.01. The March 26, 2007, judgment fully addressed the maternal grandparents' request for custody of M.C. by denying it, awarded visitation to the maternal grandparents at DHR's discretion, set other parameters on the exercise of visitation, required all parties (the mother, the maternal grandparents, and the aunt and uncle) to cooperate fully with DHR, and appointed a guardian ad litem for M.C. The judgment does not indicate that it was intended as a pendente lite order. C.L., 916 So.2d at 624-25 (explaining the distinction between a pendente lite order regarding custody and a dependency order regarding custody that sets a case for future review). The juvenile court did use the term "temporary custody" in describing the status of the custody award to the aunt and uncle. However, it is apparent that the use of the word "temporary" instead of the word "permanent" is based on the status of the case as a dependency case, in which DHR is offering services to the mother in an attempt to reunify the family and in which further reviews by the juvenile court to determine the mother's progress are contemplated; thus, the use of the word "temporary" by the juvenile court in this context does not negate the finality of the judgment.[1]See Ex parte D.B.R., 757 So.2d 1193, 1195 (Ala.1998); State Dep't of Human Res. v. R.E.C., 899 So.2d 251, 265 n. 16 (Ala.Civ.App.2003), rev'd on other grounds, Ex parte R.E.C., 899 So.2d 272 (Ala.2004); C.L., 916 So.2d at 625-26; *530 Potter v. State Dep't of Human Res., 511 So.2d 190, 192 (Ala.Civ.App.1986); and Morgan v. Lauderdale County Dep't of Pensions & Sec., 494 So.2d 649, 651 (Ala. Civ.App.1986).
The provision in Rule 54(b) regarding the certification of judgments addressing one or more, but not all, of multiple claims or involving one or more, but not all, of multiple parties is not applicable to this case.[2] Although the maternal grandparents also requested custody of E.B. in case no. JU-06-543, that request came in a separate action. See Teague v. Motes, 57 Ala.App. 609, 613, 330 So.2d 434, 438 (Civ. 1976) ("[P]arties in consolidated actions retain their separate identities and the parties and pleadings in one action do not become parties and pleadings in the other...."). The juvenile court left outstanding no claims or parties when it entered the judgment in case no. JU-06-541.01 denying the maternal grandparents' request for custody of M.C. A Rule 54(b) certification of a final judgment that has previously been entered has no effect on the timeliness of an appeal. See Medical Ctr. East, Inc. v. Allstate Ins. Co., 686 So.2d 1218, 1220 (Ala.Civ.App.1996), overruled on other grounds by Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649 (Ala. 1998); see generally Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091, 1093 (Ala.1983) (noting that Rule 54(b), insofar as it provides that a judgment that does not resolve all claims against all parties is subject to revision at any time before the entry of a final judgment, was inapplicable to a judgment entered in favor of the plaintiff against all three defendants for the amount due on a promissory note and accrued interest despite the fact that one defendant was in bankruptcy and the judgment was unenforceable as to that defendant).
An appeal from a juvenile court's judgment must be filed within 14 days of the entry of that judgment or within 14 days of the denial of a timely postjudgment motion filed pursuant to Rules 52, 55, or 59, Ala. R. Civ. P. See Rules 1(B) and 28(C), Ala. R. Juv. P., and Rule 4(a)(1)(E), Ala. R.App. P. The maternal grandparents' postjudgment motions were all denied on April 6, 2007; the 14-day period for appeal, therefore, expired on April 20, 2007. The maternal grandparents' June 22, 2007, appeal is untimely; therefore, we dismiss that appeal. See Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978) ("A timely filing of the notice of appeal is jurisdictional,... the sanction to be applied for an untimely filing being dismissal.").
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
NOTES
[1] Our supreme court has cautioned against using the word "temporary" as a descriptive adjective modifying the word "custody." Ex parte J.P., 641 So.2d 276, 278 (Ala. 1994). Doing so serves only to confuse the issue of finality.
[2] Rule 54(b) reads:

"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."