228 So.2d 16

**Lutie PARKER**

v.

**Milton KELLUM.**

**6 Div. 579.**

Supreme Court of Alabama.

Oct. 9, 1969.

Rehearing Denied Nov. 26, 1969.

Edw. F. Morgan, Tuscaloosa, for appellant.

McDuffie & Holcombe, Tuscaloosa, for appellee.

PER CURIAM.

Plaintiff, injured in the operation of a hay baling machine while engaged in farming operations with and for defendant, appeals from an adverse jury verdict directed by the trial judge who gave the general charge with hypothesis for defendant.

The amended complaint, consisting of three counts (12, 13, and 14) all based upon the Employer's Liability Act (Title 26, § 326, 1958 Recompiled Code of Alabama), charges the injuries sustained resulted because of negligence of defendant employer who was at the time of the injury participating in the operation of the farm machinery on which plaintiff was working. A plea in short by consent put the case at issue.

While there are 26 assignments of error, appellant insists on only two; the first is the giving of the written instruction requested by defendant; and the second is the action of the trial court in orally instructing the jury that it could not award damages to plaintiff under the charge (given with hypothesis). The same two questions are again presented by assignments of error 25 and 26 with counsel adopting the argument previously made.

At the close of plaintiff's testimony, defendant moved the court to exclude the evidence based on the contention that there was no proof of negligence on the part of defendant. The court, after due consideration, overruled the motion. Assuming that plaintiff had not made out a prima facie case, the granting or overruling of a motion to exclude is not reversible error. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684.

Defendant then proceeded in presenting his evidence. After the testimony was closed, defendant requested the affirmative charge with hypothesis and the court announced that it would give the charge. Apparently, there was no jury argument and the court, following a brief explanation of the nature of the case, read to the jury the following written charge:

"1. I charge you, Lady and gentlemen of the jury, that if you believe the evidence in the case, it is your duty to return a verdict in favor of the defendant." The jury then retired to consider the case.

Later the jury returned to request further instructions, and the following occurred:

"JUROR MILES (Foreman): Seems as how some of the jurors do not understand the charge, in other words, the charge we carried down with us.

"THE COURT: Yes, sir.

"JUROR MILES: And what they want to know is whether they award the plaintiff anything, can they award him anything, or nothing.

"THE COURT: You cannot under the charge of the Court. The Court is of the opinion, and so charge you, that the plaintiff did not make out a legal case, regardless of the injury, the seriousness of his injury. So the Court instructed you—they call it a general charge—the Court instructs you to return a verdict for the defendant. That is the only choice you have, is to return that verdict. I cannot go further into it, but that will explain it. That is a directed verdict that the Court—it is my duty to decide those things, so I give the directed verdict, so that is the only verdict you can return. And as soon as you return, you can be excused. I have excused the other jurors. I think, if you had rather wait and do it in the morning—

"MR. MORGAN: Judge, we want to except to that. Did you give that charge with hypothesis, or without hypothesis?

"THE COURT: I gave it, if they believe the evidence.

"MR. MORGAN: You instruct them they could not find for the plaintiff under the charge?

"THE COURT: Yes.

"MR. MORGAN: I believe, if you gave them the affirmative charge with hypothesis, they can find for the plaintiff.

"THE COURT: I don't think so.

"MR. MORGAN: That is the reason I asked if you gave the evidence (sic) hypothesis.

"MR. McDUFFIE: It was with hypothesis.

"MR. MORGAN: I except to that enlargement.

"THE COURT: You have a right to do that.

"(The jury then retired from the Courtroom to consider their verdict, and at 4:15 P.M. returned to the Courtroom, whereupon the following occurred:)

"THE COURT: Lady and gentlemen, have you reached a verdict?

"JUROR MILES: Yes, we have.

"THE COURT: Hand it to the Clerk or you may read it.

"JUROR MILES: We, the jury, find for the defendant.

"THE COURT: Thank you so much. You are excused until tomorrow." (Par. Added)

Thereafter a motion for new trial was timely filed and overruled.

### The Facts.

Plaintiff, who had farmed all his life, worked with defendant and his father for many years in Tuscaloosa County. Sometimes the arrangement was "on halves" and sometimes it was as "day labor."

On September 4, 1965, plaintiff started working on a hay baler. Defendant, Milton Kellum, was driving the tractor that was pulling the baler. They were en route to a field with the baler attached to the tractor so as to immediately follow it. This arrangement would permit them to go through a narrow gap. It had been decided that when they got into the field the baler would be offset and that plaintiff would take over the tractor and continue the baling operations. The baler would then run to the right and to the rear of the tractor and gather the hay from the windrows that had been deposited by the rake preceding the tractor-baler unit. The offset is made by pulling a pin permitting a tongue that fastens onto the tractor to change position.

Power to operate the baler is supplied from a motor on the baler with a flywheel and pulley belt. The motor has a throttle to adjust the speed. The baler has a lever that takes it out of gear, permitting it to idle. When the baler is shut down ("taken out of gear"), it would run ("turn over") some more before it completely stopped. Especially would it run when cut off, if there was no hay, or insufficient hay in the baler. This was caused by the momentum of the heavy flywheel.

This baler had been in use for several years, since its purchase by defendant or his father (deceased at time of trial). Plaintiff had used this baler since its purchase and was fully informed regarding the methods and operating procedures. He had on many occasions "pulled the pin" to offset the baler. This was usually done from the left side, but could be done from the right side. There was no evidence to indicate any mechanical defect in the baler, either before or after the accident.

Charles Cox was a witness for appellee and stated he was a son-in-law by marriage to plaintiff; that he was present when plaintiff got hurt, about 50 feet away; that what attracted his attention was plaintiff's jerking his hand; that the compressor was still running, it was out of gear; that there was no hay in the presses and it took a good bit to stop; he never saw it move before he got his hand out and it did not move any after he got his hand out; that the hay baler would run for a few minutes after it is put out of gear if there was no hay in it; that he operated the baler the rest of the day and did not see any defect; that it was out of gear when he took over; that there was not much hay in the press when plaintiff was hurt.

Luther Parker, plaintiff's brother, testified that he was present when plaintiff's hand was hurt, that he was close and could see real well; he saw the baler stop running and just as plaintiff reached in his hand, "wham" it made a noise and the press went in gear and caught plaintiff's hand.

### Assignments of Errors 1 (Ground 7 of Motion for New Trial) and 25.

In considering the propriety of the affirmative charge, the court will review the tendencies of the evidence most favorable to the plaintiff. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594.

Any proof of negligence in this case must necessarily be the conduct and actions of defendant immediately preceding the injury, that is, after defendant drove the tractor, pulled the baler through the gap, and brought it to a stop. This is normally a one-man operation. Plaintiff had arrived unexpectedly just as defendant and Junior Cox "started for the field." Plaintiff rode on the back of the baler as they proceeded to the field. When they entered the field and cleared the gap, plaintiff brought the tractor-baler unit to a stop. He stated: "I got off the tractor, and *cut off the gear,* and stepped across the tongue, and I cut the tank down, it has two positions, fast and slow position, slow or fast. * * * I cut it down to slow and walked and stood there, and said, 'There it is', and he walked across to the tractor, and in just a minute I heard a noise. * * *" (Emphasis supplied.)

Appellant takes the position that defendant, in putting the idler lever to the "up" position, did not properly secure it in the notch; and that vibrations from the motor could have caused the lever to fall and thereby restart the baler.

Plaintiff testified that when they went through the gap, defendant told him to pull the cotter pin and offset the baler; that defendant came to the left side of the baler and plaintiff came to the right side; that plaintiff determined the baler was in idle before putting his hand in to pull the cotter pin at the time he was injured; that he could tell by the noise and the looks of the flywheel it was out of gear; and that just as he got hold of the cotter pin with his pliers, it started up and caught his hand. Most certainly there is considerable dis-

pute about the occurrence; and we have only here attempted to outline such testimony, but not all, relied on in argument and briefs.

Defendant contends first that there is no evidence of negligence shown on the part of defendant in anyway; further, that the evidence was conclusive that plaintiff suffered his injuries as a result of his own negligence. We are not here concerned with the defense of contributory negligence.

█ █ We know that negligence on the part of the master is not to be inferred from the bare fact that an injury happens to his employee. It will not serve his purpose to show that his employer may have been negligent; the evidence must point to the fact that he was. American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 So. 757.

Also:

"* * * where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have bought about the injury, * * * it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs. * * *" Patton v. Texas & Pacific R. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361, 364.

█ After giving full consideration to all the evidence, we are of the opinion that the defendant was due the general charge requested and given by the trial court.

*Assignments of Error 8 and 26.*

Having decided that the evidence did not warrant a submission of the case to the jury, we next consider assignments of error 8 and 26.

█ When the jury returned, after receiving the case with the court's oral charge explaining why the court was directing a verdict with hypothesis, the trial judge, in effect, orally charged the jury peremptorily to find for the defendant. An exception was reserved by plaintiff who here contends that, under the written charge, the jury had the right to determine the credibility of the evidence. This would be true, unless the failure of proof entitled the defendant to the general affirmative charge *without hypothesis.* (Emphasis Supplied) We hold that the failure of proof entitled defendant to the general affirmative charge without hypothesis.

Even though the court had given defendant's requested general affirmative charge with hypothesis, this did not prohibit the court from afterwards peremptorily charging the jury to find for the defendant. O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580; Cannon v. Louisville & Nashville R. Co., 252 Ala. 571, 42 So.2d 340; McElroy, Law of Evidence in Alabama, 2d Ed., Vol. 3, page 260

We hold the action of the trial court in so instructing the jury was without error.

It follows, therefore, that the judgment is due to be affirmed, and it is so ordered.

This opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Affirmed.

SIMPSON, MERRILL, COLEMAN, BLOODWORTH, and MADDOX, JJ., concur.