276 So.2d 571

**Frances GOGGINS, as Administratrix, etc.**

**v.**

**MILLER TRANSPORTERS, INC.,
a corporation.**

**SC 75.**

Supreme Court of Alabama.

April 19, 1973.

Coleman & Hancock, Birmingham, for appellant.

Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

MERRILL, Justice.

In action against corporate defendant charging it with negligent operation of a vehicle, plaintiff has burden to prove defendant owned the vehicle or that it was being operated by the driver as an agent for the defendant. Hawkins v. Barber, 231 Ala. 53, 163 So. 608. The administrative presumption that vehicle is being operated for the owner thereof, cannot be applied until there is proof of ownership of vehicle. Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908; Constitution Publishing Co. v. Dale, 5th Cir., 164 F.2d 210.

Appellant, as administratrix of the estate of William David Smith, brought this action against appellee alleging negligent operation of a tractor-trailer resulting in the death of plaintiff's intestate. This case is on appeal from a directed verdict for the defendant-appellee at the conclusion of the plaintiff-appellant's testimony.

Plaintiff's decedent was a passenger in an automobile being operated by his father when the car went into the opposite lane of travel and struck an oncoming vehicle on Highway 235 in the city limits of Childersburg. The car in which plaintiff's decedent was riding overturned and the driver's head was pinned to the pavement by the car. Passing motorists stopped and uprighted the car, and meanwhile, police officers had arrived and were attempting to signal traffic. The drivers of both cars had been loaded into ambulances and one of the officers was attempting to examine the condition of the decedent. At this point, a tractor-trailer came around the curve and jack-knifed, the trailer sliding sideways on the wrong side of the road. The trailer struck the automobile in which plaintiff's decedent was sitting, knocking it

some 32 feet from the first wreck. There was testimony that following the first wreck, decedent had no cuts on his face, that his face was not swollen or discolored, that it was still warm, and that he did have some blood on his chest. After the second impact, decedent's head was ruptured and his brains were knocked out.

When appellant rested her case, appellee asked for and received the general affirmative charge without hypothesis. The trial court, in explaining its action to the jury, stated in part, "* * * my decision is that there are no factual issues indicating responsibility for the death of the Plaintiff in this case. Of course, then, there is nothing for the jury to decide."

■ Appellant's first contention is that the court erred in granting the request for a directed verdict. In determining the propriety of an affirmative charge for defendant, the court will review tendencies of evidence most favorable to the plaintiff. Parker v. Kellum, 284 Ala. 701, 228 So.2d 16; Orange v. Shannon, 284 Ala. 202, 224 So.2d 236; Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594.

Appellant contends in brief that a jury question was presented whether the decedent was dead after the head-on collision or whether the later collision with the sliding trailer was the cause of death. Appellant's brief makes no effort to answer appellee's primary argument as to why it was entitled to the directed verdict.

Appellee argues that the affirmative charge was correctly given because appellant did not prove that appellee owned or operated the vehicle involved in the accident or that appellee was connected in any way with the driver of the tractor-trailer.

■ It is fundamental that in an action against a principal for injuries caused by an agent's negligent operation of a motor vehicle, the plaintiff has the burden to prove that the vehicle belonged to the principal or to establish agency, and that the agent was acting within the scope of his

authority at the time of the accident. Hawkins v. Barber, 231 Ala. 53, 163 So. 608; Thomas v. Hubbert, 280 Ala. 302, 193 So.2d 746.

The allegations in both submitted counts charged that "* * * the defendant, Miller Transporters, Inc., a corporation, so negligently operated a motor vehicle at said time and place as aforesaid as to cause or allow the same to run into the vehicle in which plaintiff's intestate was a passenger, * * *."

There was no evidence to support the quoted allegations. There was no testimony from any witness that the trailer belonged to appellee or was being driven for appellee. Three references to appellee were made by counsel, the first by appellant's counsel on direct examination and the second and third by appellee's counsel on cross examination of plaintiff's witness, Howard Shell, a Childersburg policeman:

"(By Mr. Coleman:) I will show you a picture here, does this accurately and substantially portray the tractor that you saw that morning—trailer, rather. Miller Transporters tractor?

"A Yes, sir."

This picture, plaintiff's Exhibit 3, was a picture of a tank trailer with no visible signs or names on it. The only visible identification on the trailer are the figures "5117."

"(Cross examination)

"Q. * * * Now then, will you look at that (the report of the accident) and see what time Officer Collier shows the second accident occurred, that is, involving the Miller's truck?

"A Time of accident he said here was seven twenty five.

" *    *    *    *    *    *

"Q Was he gone before Miller's truck came by?

"A Yes, sir."

This court said in Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908:

"The fact that one or more of the plaintiff's witnesses in their direct examination referred to the Chevrolet automobile as 'Mi-Lady's automobile,' in describing the situation of the two vehicles, in the light of their whole testimony that they did not know the parties and had no knowledge of the fact of ownership, is clearly without probative force as to the fact of ownership of the Chevrolet. * * *"

The opinion in that case also states that the plaintiff is not relieved "* * * of the burden of showing that the automobile was the property of the defendant, and that the driver of the car was acting within the line and scope of her employment as a servant or agent of the defendant. In the absence of proof of ownership of the automobile by defendant, plaintiff was unaided by administrative presumption in meeting and carrying the burden of proof. Newell Contracting Company v. Berry, 223 Ala. 109, 134 So. 870; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897."

■ Our decisions are clear to the effect that proof of ownership of a motor vehicle causing injury raises an administrative presumption that the person in possession and control of the vehicle is the agent or servant of the owner, and is acting within the line and scope of his employment. Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578, and cases there cited.

■ But here, there was no evidence, or any inference arising from the evidence, to show either ownership in appellee or any agency on the part of the driver. There was no evidence to support an administrative presumption of ownership or agency. It follows that the trial court properly gave the affirmative charge and we do not

reach the question as to when the deceased died or what caused his death.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.