This action arose out of a fight between plaintiff John A. Naber and one of the defendants, Glen Manion, on a construction project in Mobile, Alabama, in May 1976. At the time of the fight Naber was employed as a field superintendent by the company supplying light fixtures for the project. Manion was employed as a carpenter by the general contractor on the job, McCrory Sumwalt Construction Company. Following the fight, Naber sued Manion and McCrory Sumwalt for his injuries sustained in the fight. Naber obtained a default judgment against Manion which is not at issue in this appeal.
Initially, Naber sued McCrory Sumwalt on the theory it was liable under the doctrine of respondeat superior for the assault and battery committed by Manion. McCrory Sumwalt moved for summary judgment. Before that motion was argued to the court, however, Naber amended his complaint to allege a second theory of recovery against McCrory Sumwalt the basis of which was that McCrory Sumwalt was actively negligent in its hiring, training and supervision of Manion. McCrory 
Sumwalt's motion for summary judgment was thereafter treated as a motion for partial summary judgment upon Naber's theory of vicarious liability. The trial court granted partial summary judgment for McCrory Sumwalt on that issue.
Then, Naber moved to dismiss his claim against McCrory 
Sumwalt for its alleged active negligence in hiring, training and supervising Manion. That motion was granted. Thus, the only theory of recovery against McCrory Sumwalt remaining in plaintiff's amended complaint was that of vicarious liability as to which the trial court had granted summary judgment in favor of McCrory Sumwalt. This appeal is from a final judgment of 4 April 1980 which recited that the cumulative effect of the default judgment against Manion, and entry of partial summary judgment against Naber regarding McCrory 
Sumwalt, was a final resolution of all claims as to all parties in this action. *Page 975 
We reverse and remand.
The sole issue for review in this case is whether the trial court erred in granting the partial summary judgment in favor of McCrory Sumwalt on the theory there was no vicarious liability on its part growing out of the assault and battery committed on the person of plaintiff. Naber's theory was that the assault and battery was done while Manion was acting in the line and scope of his assigned duties of employment, thus giving rise to vicarious liability upon the part of McCrory 
Sumwalt under the doctrine of respondeat superior.
On 15 May 1976, several McCrory Sumwalt employees, including Manion, were assigned to move light fixtures under Naber's supervision from a warehouse to the job site. Naber and Manion had a verbal dispute that morning about the manner of moving fixtures in spite of which they continued moving fixtures without exchanging blows. A short while later both Naber and Manion left the warehouse; however, both returned. Manion went to McCrory Sumwalt's office trailer, told the project supervisor he was quitting because he could not work with Naber, picked up his tool box, and returned to the warehouse.
At the warehouse Manion told his co-workers that he had quit and began shaking hands with them. Manion then shook hands with Naber and with his free hand struck Naber. A fight ensued and Naber was injured.
Manion was observed working on the construction project for McCrory Sumwalt, after the fight, until about 18 June 1976.
We must decide whether there was a genuine issue of material fact as to whether Manion was acting within the course of his employment, and in the line of his assigned duties, with McCrory Sumwalt at the time Naber was injured.
In order to recover against a defendant on the theory ofrespondeat superior, it is necessary for the plaintiff to establish the status of master and servant and that the act was within the line and scope of the servant's duties of employment. Wells v. Henderson Land Lumber Co., 200 Ala. 262,76 So. 28 (1917). If there is evidence that the wrongful act was within the scope of the servant's employment, it matters not that the wrong complained of is an intentional wrong, or that it is accompanied by personal ill will of the servant toward the plaintiff. Mercury Freight Lines, Inc. v. Pharo,264 Ala. 322, 87 So.2d 642 (1956).
A party moving for summary judgment must affirmatively demonstrate, by facts, an absence of a genuine issue of material fact. If there are discernible circumstances under which the plaintiff might recover, under a cognizable theory of law, summary judgment is inappropriate. If there is evidence in support of the theory of the complaint the trial court is bound to allow factual questions to go to the jury. Ex parte BagbyElevator Electric Co., Inc., 383 So.2d 179 (Ala. 1980).
The question of whether Manion was the servant of McCrory 
Sumwalt at the time of the assault and battery is a disputed material fact. Although there is evidence that Manion stated he was quitting, and that he had quit, there is also evidence that he remained in the employ of McCrory Sumwalt. There is sufficient evidence to submit to the jury the factual issue of whether Manion was the servant of McCrory Sumwalt, acting in the line of his assigned duties, at the time he struck Naber.
On that question the law is clear and is expressed:
. . . To authorize the submission of the question to the jury, the evidence must have a tendency either directly or by reasonable inference to show that the wrong was committed by the agent while he was executing his agency, that is, undertaking to execute the duties assigned to him and not from a motive or purpose of his own having no relation to the business of the master. If the evidence tends to establish that the act was an incident to carrying out the duties assigned to him by his master, the master may be held liable though he did not authorize the *Page 976 
agent to resort to such means in rendering the services for which he was employed and also though the agent may have sought to accomplish the master's business by improper or unlawful means or in a way unknown to his master or even contrary to his express directions.
United States Steel Co. v. Butler, 260 Ala. 190, 193,69 So.2d 685, 687-688 (1954).
There is evidence that Manion's assigned task was to move fixtures under Naber's supervision and that the dispute leading up to the affray was over the means of moving those fixtures. In light of this evidence, we conclude a jury question was presented regarding whether Manion was acting within the course of his employment and in the line of his assigned duties. It is for the jury to decide whether Manion was motivated to assault Naber by wholly personal motives. Goodrich Tire Co. v. Lyster,328 F.2d 411 (5th Cir. 1964). For the assigned reasons, the judgment below is due to be reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and ADAMS, JJ., concur.