Robert L. Williams appeals from a judgment based on a directed verdict entered by the Madison Circuit Court on his claims of negligence and wantonness against Hughes Moving 
Storage Company, Inc. (hereinafter "Hughes"). We reverse and remand with instructions.
The facts relevant to this appeal are as follows:
On the night of December 19, 1987, Williams was driving his vehicle on Shepherd Drive in Huntsville, Alabama. Ollie Green was a passenger in that vehicle. As they approached the intersection of Shepherd Drive and Vining Avenue, Green observed what appeared to be a white pickup truck moving backward along a driveway. Williams also noticed the truck and slowed his speed. The truck picked up speed as it came along the driveway. Green testified that he could hear the tires making a "spinning noise." Williams stopped his vehicle as the truck approached the street. Williams alleged that when the truck reached the street, it turned and collided with his vehicle.
Williams was injured in the collision and as a result his shoulder required surgery. The white pickup truck bore the name "Hughes Moving Storage, Inc." Neither Williams nor Green saw a driver in the truck. Police officers on the scene determined that the truck had a standard transmission and that the gearshift lever was in the "neutral" position.
The truck belonged to Hughes, and the driveway where the truck had been parked was at the home of Henry Birt, who at the time of the accident was employed by Hughes as a warehouseman and dispatcher. His job often required him to use a company truck. On Friday, December 18, 1987, Birt's work had required him to use the truck that was involved in the accident. He had apparently been out most of the day with the truck and had returned to his home with the truck rather than take it back to the Hughes lot. There was evidence that Hughes made no efforts to ascertain the whereabouts of this truck over the weekend.
Although Hughes's policy was for company vehicles to be returned to the office after each day's work, Birt, on several occasions, had driven a truck home. Hughes required, however, that trucks be returned even if the parking lot was locked, in which case the truck was to be left outside the lot and a security guard would bring the truck into the lot later. Hughes's policy toward employees who took company vehicles home without specific authorization was to terminate and prosecute them. Birt, however, was apparently never disciplined in any manner for taking company trucks home.
On June 28, 1988, Williams sued Hughes, alleging negligence and wantonness in allowing its truck to roll from the driveway and collide with his car. Williams sought $500,000 in damages and costs. Williams later amended his complaint to name Birt as a defendant. However, Williams was never able to achieve service of process on Birt. Hughes moved for a summary judgment at the outset. Its motion was denied, and the case went to trial. After all the evidence was presented, Hughes moved for *Page 1283 
a directed verdict, claiming that Williams had failed to present sufficient evidence. The trial court granted Hughes's motion.
On appeal, Williams raises two issues: First, whether it was proper for the trial judge to direct a verdict; and second, whether the trial judge abused his discretion by not allowing into evidence a photograph of Williams's shoulder taken during surgery. Williams argues that he presented sufficient evidence of Hughes's negligence for the claim to be submitted to the jury. Williams asks this Court to reverse the judgment of the circuit court and remand the case for a new trial. He also asks, in case this Court grants a new trial, that it also order that the photograph be allowed into evidence.
Williams first presents us with a summary of the evidence he presented at trial and argues that his evidence was sufficient for his claims to be submitted to the jury. Williams also argues that his evidence, when coupled with an administrative presumption of agency, creates a jury question as to whether Birt was operating the truck in the line and scope of his employment.
At the outset, we must address the standard that Williams's evidence must meet in order to create a question for the jury. For Williams's claims to be submitted to the jury, he must produce "substantial evidence" of each element of his claims. Ala. Code 1975, § 12-21-12. In West v. Founders LifeAssurance Co., 547 So.2d 870, 871 (Ala. 1989), this Court defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."
Thus, because Williams's claims against Hughes are based on the doctrine of respondeat superior, the burden is on Williams to present substantial evidence that the collision occurred while Birt was acting within the line and scope of his employment. We conclude that Williams's evidence was sufficient to create a jury question.
Hughes argues that because Birt took the vehicle home with him, in direct violation of company policy, he cannot be considered to have been acting in the line and scope of his employment. The mere fact that Birt was acting against company policy is not, however, conclusive as to the question of Birt's status at the time of the accident. In Lawler Mobile Homes,Inc. v. Tarver, 492 So.2d 297 (Ala. 1986), this Court examined a similar situation of an employee acting contrary to company policy. In Lawler Mobile Homes, the company was held liable for misrepresentation where a salesman signed a contract that an officer of the company was supposed to sign, although the salesman had no authority to do so and the contract stated that it was not valid unless signed by an officer of the company. In Lawler Mobile Homes, we stated:
 "A corporation or employer will be liable for the torts of its employees committed while acting in the line and scope of his employment even though the corporation or employer did not authorize or ratify such acts and even if it expressly forbade them. If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from personal motives having no relationship to the business of the employer."
492 So.2d at 305. (Citations omitted.)
The case of Solmica of the Gulf Coast, Inc. v.Braggs, 285 Ala. 396, 232 So.2d 638 (1970), provides another example of when an employee is considered to be acting within the scope of his employment. In that case, the plaintiff's intent was killed by an employee returning to the company to pick up additional supplies to complete a job. The employee had been drinking heavily when the accident occurred. In affirming the judgment against the company, this Court stated:
 "If the evidence tends to establish that the act was an incident to carrying out the duties assigned to him by his master, *Page 1284 
the master may be held liable though he did not authorize the agent to resort to such means in rendering the services for which he was employed and also though the agent may have sought to accomplish the master's business by improper or unlawful means or in a way unknown to his master or even contrary to his express directions."
285 Ala. at 401, 232 So.2d at 642. See also Naber v.McCrory Sumwalt Constr. Co., 393 So.2d 973 (Ala. 1981).
The mere fact that Hughes had a policy expressly prohibiting employees from taking vehicles home does not necessarily mean Birt was acting outside the scope of his employment at the time of the accident. Williams's evidence showed that Birt, on several prior occasions, had, contrary to company policy, taken vehicles home and that on those occasions no action was taken against him. Other evidence showed that Hughes did not attempt to locate the truck over the weekend after Birt had failed to return it to the lot after work on Friday, and that Birt's work often required the use of a company truck at several locations on any given day. When considered as a whole, the evidence would permit the inference that Birt was acting within the line and scope of his employment when he took this truck home and, thus, presented a question for the jury.
The administrative presumption of agency is well stated inAlabama Pattern Jury Instructions: Civil (APJI) 26.13, and that presumption provides additional support for Williams's argument that his claims should have been submitted to the jury. APJI 26.13 states:
"PRESUMPTION ARISING FROM OWNERSHIP
 "There arises from the ownership of a vehicle a legal presumption that the driver of the vehicle was operating it as the owner's agent or servant and that the driver was acting within the line and scope of his authority or employment as the owner's agent or servant."
This instruction correctly states the law. See Perdue v.Mitchell, 373 So.2d 650 (Ala. 1979). The notes and references that accompany this instruction are helpful to understanding the meaning of the instruction and the effect of the presumption. These notes and references read as follows:
"Notes on Use
 "This instruction should be used only where the sole evidence is that a party owned the vehicle in question. . . .
"References
 "This presumption is prima facie only, is not conclusive, and is rebuttable. Its effect merely imposes upon the automobile owner the burden of showing that the driver was not his agent or that, if he was, he was not acting within the scope of his authority or in the course of his employment."
See also Felder v. Hill, 447 So.2d 178 (Ala. 1984);Goggins v. Miller Transporters, Inc., 290 Ala. 326,276 So.2d 571 (1973); Smith v. Johnson, 283 Ala. 151,214 So.2d 846 (1968). In Perdue v. Mitchell,373 So.2d 650 (Ala. 1977), this Court examined the effect of the administrative presumption:
 " 'The effect of these presumptions as stated in Tullis v. Blue, 216 Ala. 577, 578, 114 So. 185, 187 [1927] is: ". . . They are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant (the owner of the car) the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of has employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no question for the jury, and the general affirmative charge should be given for the defendant on request." ' " *Page 1285 
373 So.2d at 653 (quoting Alabama Power Co. v.McGehee, 228 Ala. 505, 509, 154 So. 105, 108 (1934)).
Ownership of the vehicle in this case was undisputed. Therefore, it was Hughes's burden to prove that Birt was not acting within the line and scope of his employment. In order for Hughes to rebut the presumption and prevent submission of Williams's claims to a jury, its evidence must eliminate any question as to whether Birt was acting in the scope of his employment by having this truck at his home when the accident occurred. Hughes's only evidence that Birt was not acting in the scope of his employment was the evidence that company policy prohibited employees from taking vehicles home, and Hughes argues that, because Birt violated this policy by taking the truck home on Friday, he was acting outside the scope of his employment. As we have stated, this alone is not determinative of Birt's status. Furthermore, it falls far short of rebutting the presumption that Birt was acting within the scope of his employment, because of the fact that Hughes had not enforced the policy in the past, with respect to Birt, but had virtually condoned Birt's practice of taking company vehicles home. Because Hughes's evidence did not rebut that administrative presumption of agency, Williams's evidence was sufficient to raise the inference that Birt was within the scope of his employment in taking the truck home. Therefore, the case should have been submitted to the jury.
With respect to the photograph of Williams's shoulder, we point out that the trial court, in ruling on the admissibility of evidence, is given wide discretion. Absent a clear abuse of that discretion, this Court will not overturn the trial court's ruling. In the present case, Williams offered a photograph of his shoulder taken while he was undergoing surgery. The trial judge sustained Hughes's objection to this photograph. Williams also offered the testimony of his doctor who performed the surgery. We see no real benefit to be derived from admitting this photograph, because it added nothing to the doctor's testimony. We conclude that the trial court did not abuse its discretion in excluding this photograph.
The trial court's judgment, based on the directed verdict in favor of Hughes, is reversed and the cause is remanded for a new trial on Williams's claims against Hughes.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.