CRAWLEY, Judge,
dissenting.
I must respectfully dissent from the majority’s affirmance of the summary judgment for Penfield Chair Company, Inc. (the “company”). I conclude, based upon my consideration of Pryor v. Brown & Root USA Inc., 674 So.2d 45 (Ala.1995), that a question of fact existed concerning whether the company condoned Gayle Penfield Kirby’s personal use of the vehicle so that her use of the vehicle was within the scope of her employment or authority.
David Penfield and Gayle Penfield Kirby were the co-owners of the company until 1998, when they divorced. Penfield was apparently awarded sole ownership of the company in the divorce judgment. As part of the agreement incorporated in the divorce judgment, the company was to continue to employ Kirby as a salaried employee until December 31, 2008. According to Penfield, as part of Kirby’s compensation and to satisfy the divorce judgment’s requirement that he provide his wife a leased sport-utility vehicle, the company, not Penfield, leased a Jeep Grand Cherokee for Kirby’s personal use. Kirby was driving this vehicle when she collided with Coker’s vehicle.
Kirby states in her affidavit that she was not engaged in any business for the company at the time of the collision; she was on a personal errand. In fact, Kirby testified that she was seldom engaged in any business for the company. Although as a general practice company-owned vehicles like delivery trucks were returned to the company’s premises at the end of the workday, the company had no written policy regarding personal use of company-owned vehicles. Kirby was never reprimanded for her personal use of the vehicle.
In order to prevail against the company under the theory of respondeat superior, Coker must prove that the accident occurred while Kirby was within the scope of her employment. Pryor v. Brown & Root USA, Inc., 674 So.2d at 48. Generally, “[u]se of a vehicle owned[1] by an employer creates an ‘administrative presumption’ of agency and a presumption that the employee was acting within the scope of his employment, as that concept is used in the law of respondeat superior liability, but this ‘administrative presumption’ is not in *882 itself evidence.” Id. Instead, the presumption, once engaged, “ ‘ “impose[s] upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment.” ’ ” Id. at 48-49 (quoting Durbin v. B.W. Capps & Son, Inc., 522 So.2d 766, 767 (Ala.1988), quoting in turn Tullis v. Blue, 216 Ala. 577, 578, 114 So. 185, 187 (1927)).
The facts in Pryor are similar to those in the present case. Brown & Root had provided its employee, Jeff Dealy, with a company-owned vehicle. Pryor, 674 So.2d at 46-47. Dealy drove that vehicle for both employment-related and personal transportation needs. Id. at 49. In fact, Dealy used the vehicle as his sole means of transportation. Id. at 50. He had never been reprimanded for his personal use of the vehicle. Id. at 49.
One Sunday afternoon, after he had completed his workday, Dealy drove to meet friends and to go sailing on a lake. Id. at 47. That evening he was returning home when he ran a stop sign and collided with a vehicle driven by Willie Mae Pryor, injuring Pryor. Id. Although he had been drinking, Dealy passed a sobriety test at the scene and was found not to be intoxicated. Id.
Although Pryor conceded that Dealy was on a personal errand at the time of the accident, id. at 48, she argued that there still existed a question whether Dealy was acting in the scope of his employment because, she argued', Brown & Root had condoned his use of the car as his sole means of personal transportation in violation of company policy permitting only the nominal personal use of company vehicles. Id. at 48-49. The supreme court agreed, stating that “additional evidence bearing on the issue whether Dealy was acting in the line and scope of his authority” existed. Id. at 49. In reversing the summary judgment, the court relied on “the fact that Dealy was using the Brown & Root vehicle as his sole personal vehicle, with the knowledge of ... his supervisor, [which] supports an inference that his use of the vehicle was within the line and scope of his employment.” Id. at 50. The court also compared the case with the decision in Williams v. Hughes Moving & Storage Co., 578 So.2d 1281 (Ala.1991), which also involved the question whether an employee’s personal use of a company-owned vehicle in violation of company policy would expose the company to liability for the employee’s negligence.
In Williams, Henry Birt, an employee of Hughes Moving & Storage Company, drove one of the company’s trucks in the performance of his duties. Williams, 578 So.2d at 1282. Birt, in violation of company policy requiring that the trucks be left on the company’s premises at the close of the workday, took the truck home with him on a Friday night. Id. Birt had violated that policy before by taking a truck home at the end of the workday and had not been disciplined. Id. When it was parked in Birt’s yard, the truck rolled into the street, striking an oncoming vehicle driven by Robert L. Williams. Id.
The trial court, upon the company’s motion, directed a verdict for the company, and Williams appealed. Id. at 1283. On appeal, Williams argued the trial court erred by directing a verdict for the company because he had presented evidence that, when coupled with the administrative presumption of agency, was sufficient to create a jury question on the issue whether Birt was acting in the line and scope of his employment. Id. The company argued that it had rebutted the administrative presumption of agency because Birt could not have been acting within the line and scope of his employment or within his authority when he violated company policy. Id.
*883 According to our supreme court, the fact that Birt had violated company policy was not alone determinative of his status at the time of the accident. Id. at 1283. The court noted that the policy was specifically not enforced against Birt on the other occasions he had driven the truck home, thus indicating that the company condoned Birt’s driving the truck home. Id. at 1282, 1285. Therefore, the court reversed the judgment, concluding that the issue whether Birt was acting in the line and scope of his employment for purposes of a respon-deat superior analysis should be submitted to the jury. Id. at 1285.
The trial court in the present case entered a summary judgment for the company, apparently finding that the company had effectively rebutted the administrative presumption of agency by presenting evidence that Kirby was not acting within her authority or in the line and scope of h’er employment when the accident occurred. I agree with Coker, however, that the evidence indicating that the company not only condoned Kirby’s nearly exclusive personal use of a company-owned vehicle, but in fact leased the vehicle for her for such use, supports an inference, as was the case in Pryor, that the use of the vehicle was in the line and scope of Kirby’s employment or within her authority. The company failed to present evidence sufficient to clearly rebut the administrative presumption — that is, it failed to present evidence “eliminatfingj any question as to whether [Kirby] was acting within the scope of her employment or authority.” Williams, 578 So.2d at 1285. Therefore, I would reverse the summary judgment.
YATES, P.J., concurs.

. The company does not dispute that the company owned the leased vehicle for purposes of the application of the administrative presumption of agency.